UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

PETER OLNEY, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

PROGRESSIVE CASUALTY INSURANCE COMPANY,

Defendant.

Case No. 3:13-cv-2058-GPC-NLS

**ORDER DENYING DEFENDANT'S MOTIONS TO DISMISS AND STRIKE**

**(ECF NO. 12)**

Defendant Progressive Casualty Insurance Company ("Defendant") moves to dismiss plaintiff Peter Olney's ("Plaintiff") putative class-action Complaint on multiple grounds pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, to strike the class action allegations pursuant to Federal Rule of Civil Procedure 12(f). The Court finds the matter suitable for decision on the papers, without oral argument, pursuant to Civil Local Rule 7.1.d.1. Defendant's motions are **DENIED**.

## BACKGROUND

Plaintiff, a resident of California, sues on behalf of himself and all others similarly situated. Defendant is an Ohio corporation that provides insurance policies with its principal place of business in Ohio.

Plaintiff alleges that, beginning in July 2013, he received, without his consent,

numerous "autodialed" telephone calls to his cellular telephone for which he alleges he incurred charges. Plaintiff alleges Defendant used "an 'automatic telephone dialing system,' ('ATDS') . . . using an 'artificial or prerecorded voice' . . . in order to collect an alleged debt from an unknown third party named Danielle." (ECF No. 1, Compl. ¶ 16.) Plaintiff thus brings two claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq., for (1) negligent violations of the TCPA and (2) knowing or willful violations of the TCPA.

Defendant now moves the Court for dismissal on the grounds that Plaintiff lacks statutory standing because: (1) the TCPA allows only the intended recipient of a call to file suit; (2) alternatively, only the subscriber of the phone number can file suit; and (3) calling a debtor does not violate the TCPA, regardless of who answers the phone.

In the alternative, Defendant moves the Court to strike Plaintiff's class action allegations on the grounds that the class is facially uncertifiable because the class definition is overbroad and unascertainable.

## DISCUSSION

### I. Motion to Dismiss

#### A. Legal Standard

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations, brackets, & citations omitted).

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).

Legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987); W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). Courts generally do not look beyond the complaint for additional facts when deciding a Rule 12(b)(6) motion. United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003); Parrino v. FHP, Inc., 146 F.3d 699, 705-06 (9th Cir. 1998).

**B. Analysis**

**1. Statutory Standing**

**i. "Called Party" & "Intended Recipient"**

Defendant argues Plaintiff lacks standing to assert a violation under the TCPA because only the "called party" has statutory standing to bring suit under the TCPA. Defendant asserts the "called party" is the "intended recipient" of the call. Plaintiff argues in response that standing is not limited to the "called party," but rather, the TCPA allows "any person or entity" to bring suit.

Defendant relies on several cases that the Court finds either unpersuasive or distinguishable: Cellco P'ship v. Dealers Warranty, LLC, 2010 WL 3946713, at *9 (D.N.J. Oct. 5, 2010) (concluding telecommunications vendors failed to state TCPA claim for calls made to numbers assigned to their employees/subscribers because vendors did not sufficiently allege they had standing; i.e., they did not allege that they—and not their employees/subscribers—were the "intended recipients" of the calls); Cellco P'ship v. Wilcrest Health Care Mgmt. Inc., 2012 WL 1638056, at *7 (D.N.J. May 8, 2012) (same); Leyse v. Bank of Am., 2010 WL 2382400, at *4 (S.D.N.Y. June 14, 2010) (concluding plaintiff had no standing to assert TCPA claim for picking up call intended for plaintiff's roommate who was the telephone subscriber); Kopff v. World Research Grp., LLC, 568 F. Supp. 2d 39, 42 (D.D.C. 2008) (concluding plaintiff had no standing to assert TCPA claim for intercepting an

unsolicited fax advertisement addressed to plaintiff's husband as president of business). The Court finds that Leyse and Kopff are distinguishable for the reasons discussed below. As for the Cellco cases, the Court finds them unpersuasive in their conclusion that "called party" means "intended recipient." As the Seventh Circuit explained, "The phrase 'intended recipient' does not appear anywhere in § 227, so what justification could there be for equating 'called party' with 'intended recipient of the call'?" Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 640-41 (7th Cir. 2012).

Furthermore, the "intended recipient" interpretation was recently rejected by another court in this district. See Gutierrez v. Barclays Grp., 2011 WL 579238, at *4-5 (S.D. Cal. Feb. 9, 2011). Defendant contends this Court should decline to follow Gutierrez because the court there was not presented with the statutory construction and public policy arguments Defendant asserts here. Defendant's position is not without merit. Defendant is correct that "statutory language must be read in context and a phrase gathers meaning from the words around it." Jones v. United States, 527 U.S. 373, 389 (1999). Thus, because section 227(b)(1)(A) uses both the term "recipient" and "called party," one may conclude that "called party" means something different than "recipient."

Defendant is also correct, however, in noting that "identical words used in different parts of the same act are intended to have the same meaning." Gustafson v. Alloyd Co., 513 U.S. 561, 570 (1995). Tellingly, section 227(d) states (in the context of faxes) that a system must "automatically release the called party's line within 5 seconds of the time notification is transmitted to the system that the called party has hung up, to allow the called party's line to be used to make or receive other calls." 47 U.S.C. § 227(d) (emphasis added). The only logical interpretation of "called party" as used in this section is the "actual recipient." Because section 227(d) unambiguously uses "called party" to mean the actual recipient, "called party" should carry the same meaning in other provisions. See Breslow v. Wells Fargo Bank, N.A., 857 F. Supp. 2d 1316, 1321 (S.D. Fla. 2012) ("The use of 'called party' to unambiguously refer to the

actual recipient in another section of the TCPA is compelling evidence that the term carries the same meaning in other provisions.").

Defendant further argues that public policy supports the limitation of standing to only the intended recipient. Defendant is concerned that a business could be liable anytime it calls an individual with a prerecorded message if someone other than the intended recipient answers. Defendant warns that, "if the called party is not the intended recipient, then a debtor could both avoid a debt and confer a TCPA claim by simply handing his cell phone to a person sitting next to him and permitting that person to answer the phone." (Def. Memo at 8.) Although this concern has some validity, the TCPA was intended to protect individuals from receiving unsolicited calls and to deter callers from using automatic dialing systems and prerecorded messages in an unregulated fashion. Adopting Defendant's position would shift responsibility from a business making automatic and prerecorded calls to individuals receiving them. The Court feels that the stronger public policy to be served by the TCPA is protecting individuals from such calls.

Other courts have also rejected Defendant's public policy argument. See, e.g., Breslow, 857 F. Supp. at 1321-22 ("If a 'called party' . . . is the intended recipient, . . . consumers who acquire new cellular phone numbers and wish to avoid unwanted calls bear the responsibility of determining whether or not a prior owner of the number ever gave consent to any lending institutions to be called. If the 'called party' is the actual recipient, . . . companies who make automated calls bear the responsibility of regularly checking the accuracy of their account records or placing intermittent live verification calls . . . . [I]t seems to the Court that entities like [the defendant] . . . are in a much better position to bear this responsibility than are individuals.").

Finally, as Plaintiff points out, Defendant's position that only the intended recipient has standing to bring a claim under the TCPA has been squarely rejected in no less than twenty cases, cases that are factually similar to the instant case. See, e.g., Soppet, 679 F.3d at 640-41 ("Suppose Smith, trying to reach Jones, dials the number

with a typo and reaches Perkins, who says 'you have the wrong number.' No colloquial user of English would call Jones rather than Perkins the 'called party.'"); Breslow, 857 F. Supp. 2d at 1319-22 (rejecting the "intended party" interpretation where defendant mistakenly called plaintiff's phone number while attempting to collect a debt from an unknown third party); Gutierrez, 2011 WL 579238, at *5 (rejecting both the "intended recipient" and "any person or entity" arguments); D.G. ex rel Tang v. William W. Siegel & Assocs., Attorneys at Law, 791 F. Supp. 2d 622, 625 (N.D. Ill. 2011) (rejecting "intended recipient" argument).

**ii. "Any Person or Entity"**

Plaintiff argues that "any person or entity" has statutory standing to bring suit under the TCPA. Plaintiff cites several cases that adopt this position. See, e.g., Anderson v. AFNI, Inc., 2011 WL 1808779, at *8 (E.D. Pa. May 11, 2011) ("The fundamental point is that § 227(b)(3) unambiguously grants standing to 'any person or entity,' and this grant does not contradict the rest of the statute."); Kane v. Nat'l Action Fin. Servs., Inc., 2011 WL 6018403, at *7 (E.D. Mich. Nov. 7, 2011) (same); Swope v. Credit Mgmt., LP, 2013 WL 607830, at *2 (E.D. Mo. Feb. 19, 2013) (same).

Plaintiff, however, ignores the fact that the "any person or entity" approach has been rejected by another court in this district. See Gutierrez, 2011 WL 579238, at *5 (declining to follow "intended recipient" or "any person or entity" interpretations, concluding the TCPA is intended to protect the telephone subscriber). This Court finds no reason, and Plaintiff has offered no reason, to depart from this position. This Court therefore holds that it is the subscriber of the telephone number called who has standing to sue for violations of the TCPA. Leyse, 2010 WL 2382400, and Kopff, 568 F. Supp. 2d 39, are thus distinguishable because it was undisputed in those cases that the plaintiffs were not the subscribers to the telephone numbers called.

**iii. "Subscriber"**

Defendant next argues that, even if the Court rejects the "intended recipient" definition of "called party," Plaintiff still lacks standing to assert a TCPA claim

because he has not alleged that he is the current subscriber of the number Defendant allegedly dialed. Plaintiff argues in response that "subscriber" should not be narrowly interpreted to mean only the "account holder," but that it should also include the "regular user" of the phone. Plaintiff's argument is the better-reasoned position.

Defendant seeks to arbitrarily limit standing to only the individual whose name appears on the bill. Notably, Defendant does not cite a single case to support this position. Further, this position has been rejected by other courts. See, e.g., Cellco v. Plaza Resorts, 2013 WL 5436553, at *5 (D.N.J. Sept. 27, 2013) (finding that a subscriber who transfers primary use of a cell phone also transfers "the right to consent to the receipt of otherwise prohibited calls," thus conferring standing to the regular user of the cell phone); Manno v. Healthcare Revenue Recovery Grp., LLC, 289 F.R.D. 674, 683 (S.D. Fla. 2013) ("The thrust . . . is that a plaintiff's status as the 'called party' depends not on such technicalities as whether he or she is the account holder or the person in whose name the phone is registered, but on whether the plaintiff is the regular user of the phone and where the defendant was trying to reach him or her by calling the phone." (emphasis added)).

Some courts that have adopted the "current subscriber" interpretation suggest that a "subscriber" is the person who pays the bill. See, e.g., Soppet, 679 F.3d at 639 (defining "called party" to "mean Cell Number's current subscriber, because only the current subscriber pays"); Jamison v. First Credit Servs., Inc., 2013 WL 3872171, at *4 (N.D. Ill. July 29, 2013) (noting that Soppet "suggests that the subscriber is the person who pays the bill").

The Gutierrez court, however, concluded that a plaintiff need not show he was charged for the calls to be considered a subscriber. Gutierrez, 2011 WL 579238, at *6. The court based this conclusion on sound statutory interpretation as follows.

Section 227(b)(1)(A)(iii) makes it unlawful to make phone calls using the prohibited methods "to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier

service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added). Applying the doctrine of last antecedent, which states that "a limiting clause or phrase . . . should ordinarily be read as modifying only the noun or phrase that it immediately follows," United States v. Hayes, 555 U.S. 415, 424 (2009) (quotation omitted), a caller violates section 227(b)(1)(A)(iii) by making an unsolicited phone call to either (1) a cellular telephone service or (2) any service for which the called party is charged for the call. See Gutierrez, 2011 WL 579238, at *5. This interpretation is bolstered by section 227(b)(2)(C), which provides that the FCC "may, by rule or order, exempt from the requirements of paragraph (1)(A)(iii) of this subsection calls to a telephone number assigned to the cellular telephone service that are not charged to the called party." 47 U.S.C. § 227(b)(2)(C). As the Gutierrez court concluded, "Clearly, if § 227(b)(1)(A)(iii) did not include 'calls to a telephone service that are not charged to the called party[,]' i.e., calls for which the party was not charged, there would be no need for the FCC to create an exemption." Gutierrez, 2011 WL 579238, at *5.

This Court is persuaded by the reasoning of Gutierrez and therefore finds that the regular user of a cellular telephone has standing to bring a claim under the TCPA, regardless of whether he is responsible for paying the bill. Even if the Court were to find that only the person responsible for the bill has standing to bring suit, Plaintiff has sufficiently alleged that he was both the regular user and that he incurred a charge. (Compl. ¶ 21.) Accordingly, the court will deny Defendant's Motion to Dismiss with regard to standing.

**2. TCPA & Debt Collection**

Defendant contends that callers are exempt from liability under the TCPA if made for the purpose of debt collection, regardless of who answers the phone. Defendant rests this conclusion on the premise that the person Defendant was attempting to reach in this case (a person named Danielle) gave her prior express consent to be contacted at the phone number provided. Defendant relies on the

conclusions set forth in In re Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 ("FCC Report"), 23 FCC R. 559, 564 (F.C.C. 2008), and Meadows v. Franklin Collection Servs., Inc., 414 F. App'x 230, 236 (11th Cir. 2011). The Court finds this argument unpersuasive.

First, other than the fact that Plaintiff received a call apparently intended for "Danielle," there are no facts alleged in Plaintiff's Complaint as to who Danielle is or what Danielle's relationship with Defendant might be. Defendant may not seek dismissal based on facts outside the relevant complaint unless those facts are contained in documents attached to the complaint or subject to judicial notice. See Lee v. Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

Second, even if the Court were to consider Defendant's representation that it was attempting to collect a debt from Danielle, Defendant's position lacks merit. In its Report, the FCC determined that "autodialed and prerecorded message calls to wireless numbers provided by the called party in connection with an existing debt are made with the 'prior express consent' of the called party [and] such calls are permissible." FCC Report, 23 FCC R. at 564. Defendant's reliance on the FCC Report, however, is premised on Defendant's "called party" argument (i.e., that the "called party" refers to the "intended recipient" and not the "actual recipient"). As discussed above, the Court finds that argument unpersuasive.

As for Meadows, that case involved debt collection calls placed to a residential landline. 414 F. App'x at 232. The Meadows court's holding was premised on there being an existing business relationship between the debtor and debt collector, allowing such calls to fall within the "business relationship" exemption applicable only to residential landlines. Id. at 235. No such exemption exists with respect to calls made to cellular telephones.

Third, other courts in this circuit have rejected Defendant's argument. See, e.g., Robinson v. Midland Funding, 2011 WL 1434919, at *5 (S.D. Cal. Apr. 13, 2011) (observing that the "FCC has already issued a declaratory ruling stating debt collectors

who make autodialed or prerecorded calls to a wireless number are responsible for any violation of the TCPA"); Iniguez v. CBE Grp., 2013 WL 4780785, at *7-9 (E.D. Cal. Sept. 5, 2013) (concluding the holding in Meadows does not apply to debt collection calls made to cellular telephones).

Finally, public policy weighs against Defendant's argument. Acknowledging that debt collectors are exempt from liability under TCPA, regardless of whose cell phone number is called, would leave without redress an individual who receives prerecorded messages simply because he has a phone number that previously belonged to a debtor. As the court in Breslow stated: "[T]o hold otherwise might allow a defendant who obtained the prior express consent of a previous owner of a cellular phone number to forever escape liability for placing automated calls to subsequent owners of the same number." 857 F. Supp. 2d at 1322. The Seventh Circuit similarly concluded that substituting "called party" for "intended recipient" would expose new subscribers to unwanted calls and unjustified expense." Soppet, 679 F.3d at 642.

Based on the foregoing, the Court will deny Defendant's Motion to Dismiss as to the argument that its calls were exempt from liability because they were made in an effort to collect a debt.

**3. Treble Damages**

Defendant asserts Plaintiff's second cause of action for treble damages should be dismissed because Plaintiff alleged no facts demonstrating that Defendant acted knowingly or willfully.

The court in Harris v. World Financial Network National Bank, 867 F. Supp. 2d 888, 895 (E.D. Mich. 2012), addressed a factually identical situation. There, the defendant placed automated calls to the plaintiff's telephone number and left prerecorded messages for an unknown third-party debtor. Id. at 890-91. The plaintiff called the defendant to inform it that it was calling the wrong person, but the defendant continued to call the plaintiff. Id. at 891. That court held that "Defendant's violations of § 227(b)(1)(A) after [the date the defendant was notified they were calling the wrong

number] were willful, or made with reckless disregard to Plaintiff's rights." Id. at 895. The Court agrees with the holding in Harris.

Plaintiff has alleged that he notified Defendant on August 14, 2013, that Defendant was dialing the wrong number and that Defendant continued to call Plaintiff. (Compl. ¶ 18.) As such, the Court will deny Defendant's Motion to Dismiss as to Plaintiff's second cause of action.

## II. Motion to Strike

In the alternative, Defendant asks the Court to strike Plaintiff's class allegations because the class definition is overbroad and unascertainable and because Plaintiff cannot cure this deficiency by amendment. The Court agrees with Plaintiff that Defendant's request amounts to a premature effort to defeat class certification. The court in Blair v. CBE Group, Inc. similarly rejected a defendant's motion to strike the class allegations at the pleadings stage in a complaint that is almost identical to the case at bar. 2013 WL 2029155, at *5 (S.D. Cal. May 13, 2013). Accordingly, Defendant's motion to strike Plaintiff's class action allegations is **DENIED**.

## III. Local Rule 7.1

Lastly, Defendant points out that Plaintiff's memoranda of points and authorities exceed the page requirements set forth in Civil Local Rule 7.1.h. The Court agrees with Defendant's interpretation of Civil Local Rule 7.1.h.[1] Defendant, however, was permitted to file reply briefs that exceeded the applicable page limits. And, after reviewing the parties' arguments and the law, the Court finds it would not be persuaded to reach a different result had Defendant been permitted to file longer briefs. As such, the Court will take no action at this time.

## IV. Plaintiff's Objection to Defendant's Extrinsic Evidence

Plaintiff objects to Defendant introducing certain extrinsic evidence in support of its motions. Because the Court does not rely on the purported evidence, and because

---

[1] The Court notes that its staff may have incorrectly informed the parties that the page limits set forth in Civil Local Rule 7.1.h apply to individual motions regardless of whether they are heard on the same day. The page limits, however, apply "to all motions noticed for the same motion day."

the Court will in any event deny Defendant's motions, the Court will overrule Plaintiff's objection as moot.

**V. Plaintiff's Request for Continuance to Take Discovery**

Plaintiff requests "a continuance to obtain facts essential to justify Plaintiff's Opposition to Defendant's Motion for Summary Judgment." (ECF No. 15-3, Decl. Abbas Kazerounian ¶ 3.) There is, of course, no pending motion for summary judgment. The Court will thus deny Plaintiff's request.

**CONCLUSION**

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Defendant's Motions to Dismiss and Strike, (ECF No. 12), are **DENIED**;
2. Plaintiff's objection to extrinsic evidence is **OVERRULED**;
3. Plaintiff's request for a continuance to take discovery is **DENIED**.

DATED: January 24, 2014

HON. GONZALO P. CURIEL
United States District Judge